**WO**                                                                                            KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Peter O. Camarena,                          )   No. CIV 05-2765-PHX-MHM (DKD)
                                            )
            Plaintiff,                      )   **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
J.M. Arpaio, et al.,                        )
                                            )
            Defendants.                     )
                                            )
                                            )

On September 9, 2005, Plaintiff Peter O. Camarena, presently confined in the Arizona State Prison-Fort Grant,[1] filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").

This is one of more than one thousand (1,000) civil rights actions filed since September 2004 by Maricopa County Jail inmates.[2]

---

[1]Plaintiff was confined in the Maricopa Count Towers Jail at the time he filed the Complaint.

[2]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL-k

1   **Application to Proceed In Forma Pauperis**

2        Plaintiff's Application to Proceed and account statement make the showing required

3   by 28 U.S.C. § 1915(a).  Accordingly, Plaintiff's Application to Proceed will be granted.

4        Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred fifty

5   dollar ($250.00) statutory filing fee for this action.  Plaintiff will be assessed an initial partial

6   filing fee of five dollars and twenty-six cents ($5.26).  28 U.S.C. § 1915(b)(1).

7        By separate order, the Court will direct the appropriate agency to collect the initial

8   partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.

9   Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the

10  preceding month's income credited to Plaintiff's trust account.  These payments will be

11  forwarded by the appropriate agency to the Clerk of the Court each time the amount in

12  Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C.

13  § 1915(b)(2).

14       Plaintiff should note that if he is released before the filing fee is paid in full, he must

15  pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of

16  the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one

17  hundred twenty (120) days of the date of his release, the action will be dismissed, unless

18  Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing

19  fee.

20       Plaintiff should further note that a prisoner may not bring a civil action without

21  complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or

22  more occasions, an action or appeal in a federal court that was dismissed as frivolous, as

23  malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner

24  is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

25  **Statutory Screening of Prisoner Complaints**

26       The Court is required to screen complaints brought by prisoners seeking relief against

27  a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

28  1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

**JDDL-k**                                                      - 2 -

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2  be granted, or that seek monetary relief from a defendant who is immune from such relief.

3  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if

4  Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

5      If the Court determines that a pleading could be cured by the allegation of other facts,

6  a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the

7  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

8  is required to grant leave to amend "if a complaint can possibly be saved," but not if the

9  Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend

10  if the pleading could be cured by the allegation of other facts, or if it appears at all possible

11  that the defect can be corrected.  Id. at 1130.

12      The Court should not, however, advise the litigant how to cure the defects.  This type

13  of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v.

14  Ford, 124 S.Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131, n. 13 (declining to

15  decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint

16  will be dismissed with leave to amend because the Complaint may possibly be saved by

17  amendment.

18  **Complaint**

19      The following are named as Defendants to the Complaint: 1) Maricopa County Sheriff

20  J.M. Arpaio; 2) Sgt./Officer of the Day, Maricopa County Jail; 3) Deputy Guibor, Maricopa

21  County Sheriff's Office; and 4) Cynthia Beck, Public Defender, Maricopa County Sheriff's

22  Office.

23      Plaintiff alleges three grounds for relief in the Complaint. Plaintiff seeks money

24  damages.

25  **Dismissal of Defendants**

26      A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant

27  has acted under the color of state law.  Whether an attorney representing a criminal defendant

28  is a public defender or court-appointed counsel, he or she does not act under color of state

JDDL-k                                    - 3 -

law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Accordingly, Defendant Beck, Plaintiff's appointed defense counsel, must be dismissed from this action because she is not a state actor.

**Failure to State a Claim**

**Count I**

In Count I, Plaintiff alleges that he was subjected to the excessive use of force by Officer Guibor, in violation of the Eighth Amendment.

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but it must be something more than *de minimis*. Id. at 9-10.

In this case, Plaintiff has not alleged facts that indicate whether force was applied in a good faith effort to restore discipline, or for the sole purpose of causing harm. Accordingly, Count I will be dismissed.

**Counts II and III**

In Counts II and III, Plaintiff appears to complain both about having a warrant issued for failure to appear in one Court because he was present at a hearing in a different Court that was scheduled at the same time, and about the excessive force incident described in Count I.  However, both Counts II and III consist of a long narrative of events and the Court is unable to determine the precise nature and number of Plaintiff's claims.  Accordingly, Counts II and III will be dismissed.

**Dismissal with Leave to Amend**

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint

may not supply essential elements of the claim that were not initially pled.  <u>Ivey</u>, 673 F.2d at 268.

Because no claims now remain, the Complaint will be dismissed without prejudice. However, in keeping with "the rule favoring liberality in amendments to pleadings," the Court will exercise its discretion and allow Plaintiff to file an amended complaint, if he so desires, to show what constitutional rights he has been deprived of, and how the conduct of proper defendants deprived him of said rights. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).    In any Amended Complaint, Plaintiff must write <u>short</u>, <u>plain</u> <u>statements</u> telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.    <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim. Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims. Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable, and will be dismissed.

If Plaintiff chooses to file an amended complaint, he should note that all causes of action alleged in an original Complaint which are not alleged in an amended complaint are waived.  <u>See</u> <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

Any amended complaint filed by Plaintiff must be retyped or rewritten in its entirety on the current, Court-approved form included with this Order and may not incorporate any part of the original Complaint by reference. <u>See</u> Local Rule of Civil Procedure ("LRCiv") 15.1(a)(2). If Plaintiff cannot fit all of his supporting facts in favor of a particular count on

1   the Court-approved form, then he may continue on an attachment, but each matter on any

2   attachment must be clearly referenced to a particular count on the Court-approved form, and

3   be numbered appropriately.

4

5   **Motions**

6       On December 2, 2005, Plaintiff filed a Motion in which the requests that he Court

7   review records filed in another civil case initiated by Plaintiff in 1997. The action to which

8   Plaintiff refers has been closed, and review of any records or issues in that case is not

9   appropriate, or relevant to the pending matter. Plaintiff's Motion for review of records will

10  therefore be denied.

11      Plaintiff also filed on December 2, 2005, a Motion to Amend or Supplement

12  pleadings. Plaintiff's Motion to Amend will be granted to the extent that the Court has

13  dismissed the original complaint with leave to amend. Plaintiff is cautioned that any

14  amended complaint must comply with the instructions set out above.

15  **Rule 41(b) Warning**

16      If Plaintiff fails to timely comply with every provision of this Order, this action will

17  be dismissed without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

18  Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.

19  denied, 506 U.S. 915 (1992). Moreover, because the Complaint has been dismissed for

20  failure to state a claim, if Plaintiff fails to file an amended complaint correcting the

21  deficiencies identified in this Order, the dismissal of this action will count as a "strike" under

22  the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

23      **IT IS THEREFORE ORDERED** as follows:

24      (1)  Plaintiff's Application to Proceed In Forma Pauperis is GRANTED;

25      (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars

26  ($250.00) for this action. Plaintiff is assessed an initial partial filing fee of five dollars and

27  twenty-six cents ($5.26). All fees shall be collected and paid in accordance with this Court's

28  Order to the appropriate government agency filed concurrently herewith;

1   (3)  Plaintiff's "Civil Rights Complaint By A Prisoner" (Document #1) ("Complaint")

2   pursuant to 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO

3   AMEND.  Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to file

4   an amended complaint in order to state specific allegations of deprivation of constitutional

5   rights against proper defendant(s), to name as defendant(s) the individual(s) who participated

6   in the activities alleged in his amended complaint, to state what injury he has suffered as a

7   result of the activities of the defendant(s), and to show how, prior to filing this action, he

8   exhausted his administrative remedies as to each of his claims for relief.  The amended

9   complaint must be retyped or rewritten in its entirety on the current, Court-approved form

10   included with this Order, may not incorporate any part of the original Complaint by

11   reference, and must contain Plaintiff's original signature.  If Plaintiff fails to file the

12   amended complaint on a current, Court-approved form, the amended complaint will be

13   stricken, and the action dismissed without further notice to Plaintiff.  Any amended

14   complaint submitted by Plaintiff should be clearly designated as an amended complaint on

15   the face of the document;

16   (4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice

17   and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within

18   thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make

19   an entry on the docket in this matter indicating that the dismissal of this action falls within

20   the purview of 28 U.S.C. § 1915(g);

21   (5)  A clear, legible copy of every pleading or other document filed SHALL

22   ACCOMPANY each original pleading or other document filed with the Clerk for use by the

23   District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  **Failure**

24   **to submit a copy along with the original pleading or document will result in the**

25   **pleading or document being stricken without further notice to Plaintiff;**

26   (6) At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY

27   ADVISE the Court and the United States Marshal of any change of address and its effective

28   date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice

**JDDL-k**                                          - 7 -

shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(7)  The Clerk of the Court is DIRECTED to provide Plaintiff with a current, Court-approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983;

(8) Plaintiff's December 2, 2005 Motion for Review of Records (Doc. #4) is DENIED;

(9) Plaintiff's December 2, 2005 Motion for Leave to Amend (Doc. #5) is GRANTED to the extent that this Order allows Plaintiff to file an amended complaint.

DATED this 6th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E. <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of____(month)____, (year) , to:
> Name:   _____
> Address:_____
>       Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F. <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G. <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H. <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff,   )<br><br>vs.   )<br>_____, )<br>_____, )<br>_____, )<br>_____, )<br>(Full Name of Each Defendant)   Defendant(s).   ) | )<br>)<br>)<br>)   CASE NO. _____<br>)   (To be supplied by the Clerk)<br>)<br>)<br>)   **CIVIL RIGHTS COMPLAINT**<br>)   **BY A PRISONER**<br>)<br>)   ☐ Original Complaint<br>)   ☐ First Amended Complaint<br>)   ☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    c. ☐ Other: (Please specify.) _____.

2. Name of Plaintiff: _____.
   Present mailing address: _____.
   **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

   Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
      (Position and Title)                                     (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
      (Position and Title)                                     (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
      (Position and Title)                                     (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
      (Position and Title)                                     (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
    _____.
c.  Case or docket number: _____.
d.  Claims raised: _____
    _____
    _____.
e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
    _____.
f.  Approximate date lawsuit was filed: _____.
g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
        _____.
    c.  Case or docket number: _____.
    d.  Claims raised: _____
        _____
        _____.
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
        _____.
    f.  Approximate date lawsuit was filed: _____.
    g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.
    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____
        _____.
    c.  Case or docket number: _____.
    d.  Claims raised: _____
        _____
        _____.
    e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
        _____.
    f.  Approximate date lawsuit was filed: _____.
    g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)        ☐ Mail            ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                  ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count I?       ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not. _____
            _____.

4

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)        ☐ Mail             ☐ Access to the court        ☐ Medical care
                                    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion   ☐ Retaliation
                                    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
      a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
           your institution?                                                      ☐ Yes     ☐ No
      b.   Did you submit a request for administrative relief on Count II?         ☐ Yes     ☐ No
      c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes     ☐ No
      d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
           why you did not. _____
           _____.

## COUNT III

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
       in a different count)            ☐ Mail                    ☐ Access to the court          ☐ Medical care
       ☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
       ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
       a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
              your institution?                                                                              ☐ Yes     ☐ No
       b.    Did you submit a request for administrative relief on Count III?            ☐ Yes     ☐ No
       c.    Did you appeal your request for relief on Count III to the highest level?     ☐ Yes     ☐ No
       d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
              why you did not.  _____
              _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.