**WO**                                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro O. Camarena, a.k.a. Peter Ojeda) Camarena ) | No. CV 05-2765-PHX-MHM-DKD |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| JM Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Pedro O. Camarena, confined in the Arizona State Prison Complex-Kingman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On April 12, 2006, Plaintiff's Complaint was dismissed for failure to state a claim, and Plaintiff was given leave to amend. On May 9, 2006, Plaintiff filed an Amended Complaint. The Court will order Defendants Guibor #6170 and Deputy #8530 to answer certain allegations in Count II of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

Plaintiff has also filed several Motions. On May 9, 2006, Plaintiff filed a "Motion to Extend Time to Conduct Discovery and to Answer Orders." Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* on May 9, 2006. On May 30, Plaintiff filed a Motion for Extension of Time to Conduct Discovery and to Answer Orders, and on June 23, 2006 he filed a Motion for Appointment of Counsel. Plaintiff's Motions will be denied.

TERMPSREF

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II.  Complaint**

Plaintiff names the following Defendants: (1) J.M. Arpaio; (2) Deputy Guibor #6170; (3) Officer # A8530, Maricopa County Sheriff's Office; and (4) Cynthia Beck, Public Defender.

The Complaint contains three Counts all arising out of an incident alleged to have occurred in Maricopa County Superior Court on February 25, 2005.  Plaintiff alleges that Defendants Guibor # 6170 and Deputy #8530 grabbed him and beat him.

Plaintiff states that he is not "in a position to state a relief," but he appears to seek monetary damages.

**III.  Improper Defendant**

**Defendant Beck, Public Defender**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law.  An attorney representing a criminal defendant, even a public defender or court-appointed counsel, does not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Defendant Cynthia Beck will be dismissed because she was not acting under color of state law.

**IV.  Failure to State a Claim**

**A.  Count I**

In Count I, Plaintiff alleges denial of access to the court, denial of medical care, retaliation, excessive force, and threat to safety.  In support of his claim, he alleges that while in court on February 25, 2005, Plaintiff was in custody and asked Defendant Guibor why he

1   was there.  Plaintiff alleges that Defendant Guibor responded by "grabbing [his] legal paper

2   work with anger and saying get up you are out of here."

3       **1. Defendant Arpaio**

4       To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

5   injury as a result of specific conduct of a defendant and show an affirmative link between the

6   injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

7   To state a claim against a supervisory official, the civil rights complainant must allege that

8   the supervisory official personally participated in the constitutional deprivation or that the

9   supervisory official was aware of widespread abuses and, with deliberate indifference to the

10  inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez

11  v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040,

12  1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v.

13  New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no

14  *respondeat superior* liability under § 1983, and, therefore, a defendant's  position as the

15  supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose

16  liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

17      Plaintiff makes no allegations against Defendant Arpaio in Count I. Plaintiff does not

18  allege that Defendant Arpaio personally participated in the constitutional deprivation of

19  Plaintiff's rights, that he was aware of widespread abuses and, with deliberate indifference

20  to the inmate's constitutional rights, failed to take action to prevent further misconduct, or

21  that he formed policies that resulted in Plaintiff's injuries.  Count I fails to state a claim

22  against Defendant Arpaio.

23      **2. Access to the Court**

24      The right of meaningful access to the courts prohibits state officials from actively

25  interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518

26  U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or

27  complaints to court and not a right to discover such claims or even to litigate them effectively

28  once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir.

1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")  The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.  To state a claim for denial of access to the court, the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Id. at 351-53. He must show that he suffered an "actual injury" as a result of the defendants' actions. Id. at 351. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Here, Plaintiff does not allege any actual injury to his case as a result of Defendants' conduct.  Count I does not state a claim for denial of access to the court.

### 3. Medical Care

To state a claim under the Eighth Amendment for prison medical care, a prisoner must allege "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett. 439 F.3d at 1096 (quotations omitted).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.

Here, Plaintiff does not even allege that he requested medical care or identify the individuals who were deliberately indifferent to his medical needs, and he has failed to link

1   any of the Defendants to this conclusory allegation. Count I does not state a claim for denial
2   of medical care.

3         **4. Retaliation**

4         A viable claim of First Amendment retaliation contains five basic elements: (1) an
5   assertion that a state actor took some adverse action against an inmate (2) because of (3) that
6   prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First
7   Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not
8   narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d
9   559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997)
10  (retaliation claims requires an inmate must show (1) that the prison official acted in
11  retaliation for the exercise of a constitutionally-protected right and (2) that the action
12  "advanced no legitimate penological interest").

13        Here, Plaintiff alleges that to understand the acts of assault, the Court "must
14  understand the conspiracy behind closed doors." Apparently Plaintiff was scheduled to
15  appear in two different courts at the same time; he did not do so, and a bench warrant was
16  issued.  However, this does not explain what constitutional right Plaintiff asserted that
17  prompted the alleged retaliation.  A "liberal interpretation of a civil rights complaint may not
18  supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents
19  of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). The allegations do not state a claim
20  for retaliation.

21        **5. Excessive Force**

22        Prison officials violate an inmate's Eighth Amendment rights by using excessive
23  physical force.  However, a plaintiff only alleges a constitutional violation if the injury is
24  more than *de minimis*. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The injury suffered
25  by the inmate need not rise to the level of objective seriousness required by other Eighth
26  Amendment claims, but it must be something more than *de minimis*. Id.  at 9. Not every use
27  of physical force violates the Eighth Amendment.  Every malevolent touch by a prison guard
28  does not constitute a federal cause of action. Id

The only use of force alleged in Count I is Defendant Guibor grabbing Plaintiff's legal papers. Such conduct is a *de minimis* injury and fails to state a claim.

### 6. Threat to Safety

A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id.

Plaintiff does not allege that his safety was threatened by another inmate as a result of Defendants' conduct. The Court assumes that Plaintiff may have intended a claim for threat to safety by Defendant officers, but Plaintiff has failed to allege facts in Count I beyond grabbing Plaintiff's legal paperwork. The allegations do not state a claim for threat to safety.

The allegations in Count I do not state any claim against Defendants, and the Court will dismiss Count I.

### B. Count II

In Count II, Plaintiff alleges excessive force, denial of access to the court, denial of medical care, retaliation, and threat to safety**.** Plaintiff also alleges violations of A.R.S. §13-1204.  In support of his claim, he alleges that while in court on February 25, 2005, Plaintiff was in custody and was punched by Defendant Guibor and was "under attack" by Defendants Deputy # 8530 and Guibor.

For the reasons discussed above in "Count I," the allegations in Count II fail to state a claim against Defendant Arpaio or for denial of access to the court, denial of medical care, retaliation, or threat to safety, and the Court will dismiss Defendant Arpaio and these claims. Moreover, A.R.S. § 13-1204 is the Arizona criminal code for aggravated assault. Plaintiff cannot enforce the Arizona penal code in a §1983 action. The allegations fail to state claims under §1983.

### C. Count III

Count III generally repeats the factual allegations of Counts I and II. Cynthia Beck is the only Defendant named in Count III.  Plaintiff's allegation is that Defendant Beck was present and did not stop the events.  Defendant Beck is not a proper defendant in a §1983 action because she was not acting under color of law.  Count III does not state a claim and will be dismissed.

### V. Claims For Which An Answer Will be Required

Count II states a claim against Defendants Guibor # 6170 and Deputy # 8530  for excessive force. The Court will order these Defendants to answer the excessive force claims in Count II.

### VI.  Motions

First, the Court notes that Plaintiff has filed several cases with this Court – CV 05-2764-PHX-MHM(DKD);CV 05-2765-PHX-MHM(DKD);andCV06-318-PHX-MHM(DKD). All three case numbers appear on the Motions discussed below.  This not only makes it difficult to match the matters raised in the Motions to the relevant case, but because these actions have not been consolidated, these Motions do not conform to the requirements of Rule 7(b) (2) of the Federal Rules of Civil Procedure or Rule 7.1 of the Local Rules of Civil Procedure.  In the future, Plaintiff may not file Motions that contain  multiple case numbers. If Plaintiff wants to file identical Motions in more than one case, he must file each Motion separately and number it separately.  The Court will strike any further Motions that contain more than one case number.

### A.  Motion to Extend Time to Conduct Discovery and to Answer Orders

On May 9, 2006, Plaintiff filed a "Motion to Extend Time to Conduct Discovery and to Answer Orders." (Doc. #10.) The Amended Complaint has not yet been served, so the time for discovery has not yet begun.  The Motion to Extend Time for Discovery is denied as premature. The only Orders that were signed before the filing of Plaintiff's Motion were the Orders of April 12, 2006 granting the Application to Proceed *In Forma Pauperis* and dismissing the Complaint with Leave to Amend and the Order directing payment of the filing

fee.  Plaintiff was not required to respond to the Order granting the Application to Proceed *In Forma Pauperis* or the payment Order.  Finally, Plaintiff filed his Amended Complaint within the time required by the April 12, 2006 Order, so there was no need for an extension of time.  The Motions will be denied as moot.

### B. Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* on May 9, 2006. (Doc. # 12.)  The Court had granted Plaintiff's previous Application so there was no need for Plaintiff to file this Motion.  The Motion will be denied as moot.

### C. Motion for Extension of Time to Conduct Discovery and to Answer Orders

On May 30, Plaintiff filed a Motion for Extension of Time to Conduct Discovery and to Answer Orders. (Doc. # 15.) The Amended Complaint has not yet been served, so the time for discovery has not yet begun.  The Motion to Extend Time for Discovery is denied as premature. The Motion also states that it is to answer "orders in docket # 8, 12, 13, and 14." Document # 8 of the instant case is the Order of April 12, 2006 and that is addressed above. Documents # 12, # 13, and # 14 are matters filed by the Plaintiff; they are not Orders.  It appears that this refers to another case filed by Plaintiff.  The Motion will be denied.

### D. Motion for Appointment of Counsel

On June 23, 2006, Plaintiff filed a Motion for Appointment of Counsel. (Doc. # 16.) Appointment of counsel under 28 U.S.C. §1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (the trial court did not abuse its discretion in refusing to appoint counsel where the inmate demonstrated sufficient writing ability and legal knowledge to articulate his claim, the facts and issues alleged were not of substantial complexity, and the inmate was unlikely to succeed on the merits).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

**VII.  Warnings**

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

### C.  Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

### D.  Possible Dismissal

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts I; so much of Count II as alleges denial of access to the courts, denial of medical care, retaliation, threat to safety, and violation of A.R.S. § 13-1204; and Count III are **dismissed** without prejudice.

(2) Defendants Arpaio and Beck are **dismissed** without prejudice.

(3) Defendants Guibor # 6170 and Deputy # 8530 must answer the excessive force claims in Count II.

(4) Plaintiff's Motion to Extend Time to Conduct Discovery and to Answer Orders (Doc. #10); Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 12); Motion for Extension of Time to Conduct Discovery and to Answer Orders (Doc. # 15); and Motion for Appointment of Counsel (Doc. # 16) are **denied**.

(5) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc.#11), this Order, and both summons and request for waiver forms for Defendants Guibor # 6170 and Deputy # 8530.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants Guibor and Deputy #8530 of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

1   (a)  Personally serve copies of the Summons, Amended Complaint, and this
2   Order upon   Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
3   Procedure;

4   (b)  Within 10 days after personal service is effected, file the return of service
5   for Defendant, along with evidence of the attempt to secure a waiver of service of the
6   summons and of the costs subsequently incurred in effecting service upon Defendant.
7   The costs of service must be enumerated on the return of service form (USM-285) and
8   must include the costs incurred by the Marshal for photocopying additional copies of
9   the Summons, Amended Complaint, or this Order and for preparing new process
10  receipt and return forms (USM-285), if required. Costs of service will be taxed against
11  the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules
12  of Civil Procedure, unless otherwise ordered by the Court.

13  (10)  **A Defendant who agrees to waive service of the Summons and Amended**
14  **Complaint must return the signed waiver forms to the United States Marshal, not the**
15  **Plaintiff.**

16  (11)  Defendants Guibor and Deputy #8530 must answer the Amended Complaint or
17  otherwise respond by appropriate motion within the time provided by the applicable
18  provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

19  (12)  Any answer or responsive pleading must state the specific Defendant by name
20  on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
21  motion or paper that does not identify the specific Defendant by name on whose behalf it is
22  filed.

23  (13)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
24  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

25  DATED this 24th day of July, 2006.

26
27  
28  Mary H. Murguia
    United States District Judge

TERMPSREF